IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**AMERICAN CIVIL LIBERTIES UNION OF THE DISTRICT OF COLUMBIA**
915 15th Street, N.W., 2nd Floor
Washington, DC 20005,

            Plaintiff,

v.

**DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue, N.W.
Washington, DC 20530,

            Defendant.

Civil Action No. _____

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
(Violation of Freedom of Information Act)

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff seeks injunctive relief to compel Defendant Department of Justice to disclose requested records.

**Jurisdiction and Venue**

2. This court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

3. Plaintiff American Civil Liberties Union of the District of Columbia ("ACLU-DC") is a nonprofit, nonpartisan organization dedicated to protecting human rights and civil rights in the District of Columbia. It is the Washington D.C. affiliate of the American Civil Liberties Union, the largest civil liberties organization in the country, with affiliates in every state, D.C. and Puerto Rico, and more than one million members. ACLU-DC is dedicated to holding the United States and

1

District of Columbia governments accountable with respect to the rights of D.C. inmates guaranteed by the U.S. Constitution and universal human rights principles.  To that end, ACLU-DC has filed at least six cases since 2005 on behalf of prison inmates in the District of Columbia, advocating for a range of constitutional, civil, and human rights issues for individuals incarcerated in D.C., including medical treatment, communication with family and friends, and gender identity and disability accommodations.

4.  Defendant Department of Justice ("DOJ") is a department of the Executive Branch of the United States Government.  The United States Marshals Service ("USMS") is a component of Defendant DOJ.  Defendant DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f).

## Background

5. In 2017, ACLU-DC received several complaints from criminal defendants appearing before D.C. Superior Court about USMS's practice of shackling adult and juvenile inmates during their appearances. As an organization advancing civil rights and civil liberties, ACLU-DC seeks to learn about USMS's shackling policies, the research behind and development of these policies, internal guidelines and communications about the policies, and previous versions of the policies.

6.  The USMS has not made public any information about any research and development of its policies for shackling adults and juveniles, any internal guidance on and communication about the policies, or any previous shackling policies.

## Plaintiff's FOIA Request and Defendant's Response

7.  By letter to USMS dated December 7, 2017, and email dated December 12, 2017, Plaintiff requested copies of agency records under FOIA, 5 U.S.C. § 552.  Specifically, Plaintiff requested the following categories of records pertaining to USMS's shackling policies for adults and juveniles:

a. Policies, procedures, and guidelines that are currently in force pertaining to shackling adults during Superior Court proceedings;

b. Policies, procedures, and guidelines that are currently in force pertaining to shackling juveniles during Superior Court proceedings;

c. Reports, studies, research papers, or similar sources or authorities used to craft current policies, procedures, and guidelines for shackling adults during Superior Court proceedings;

d. Reports, studies, research papers, or similar sources or authorities used to craft previous versions of policies, procedures, and guidelines for shackling juveniles during Superior Court proceedings;

e. Communications, including emails, and memoranda expressing Marshals' Service policy or practice regarding the implementation of policies, procedures, and guidelines pertaining to shackling adults during Superior Court proceedings;

f. Communications, including emails, and memoranda expressing Marshals' Service policy or practice regarding the implementation of policies, procedures, and guidelines pertaining to shackling juveniles during Superior Court proceedings;

g. Manuals and directions for employees containing policies, procedures, and guidelines for shackling adults during Superior Court proceedings that the Marshals Service currently uses and/or shares with its employees;

h. Manuals and directions for employees containing policies, procedures, and guidelines for shackling juveniles during Superior Court proceedings that the Marshals Service currently uses and/or shares with its employees;

i. Previous versions of controlling policies, procedures, and guidelines pertaining to the shackling of adults during Superior Court proceedings;

j. Previous versions of controlling policies, procedures, and guidelines pertaining to the shackling of juveniles during Superior Court proceedings;

k. Communications, including emails, and memoranda expressing Marshals' Service policy or practice regarding the implementation of previous versions of controlling policies, procedures, and guidelines pertaining to shackling adults during Superior Court proceedings;

l. Communications, including emails, and memoranda expressing Marshals' Service policy or practice regarding the implementation of previous versions

of controlling policies, procedures, and guidelines pertaining to shackling juveniles during Superior Court proceedings.

8. In its letter to USMS dated December 7, 2017, and its email dated December 12, 2017, Plaintiff requested a waiver of any search, review, or duplication fees associated with its FOIA request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.10(k), on the grounds that. Plaintiff is a nonprofit organization protecting civil rights, that it was requesting these records because of the "strong public interest" in USMS's shackling policies, and that the records were not being sought for commercial use.

9. Through an email to Plaintiff dated December 12, 2017, USMS acknowledged receipt of Plaintiff's FOIA request and assigned it FOIA Request Number 2018USMS32327.

10. Five months later, having not heard from Defendant or its agents about the request, Plaintiff followed up on its FOIA request through an email by undersigned counsel to USMS, which was sent on May 15, 2018.

11. Two weeks later, on May 29, 2018, a responsive email to undersigned counsel indicated that the USMS FOIA officer would contact "the processor," an employee in the USMS Office of General Counsel, with regard to the request. USMS also informed Plaintiff that its FOIA request was not Number 2018USMS32327, as previously stated, but a number later in the request queue, Number 2018USMS32366.

12. After another week without an update, undersigned counsel emailed USMS on May 6, 2018, to follow up on the request, noting the "almost six[-]month" delay since the FOIA request was originally made.

13. One month later, a Government Information Specialist for Defendant responded by email on June 7, 2018, informing undersigned counsel of "a huge backlog" of requests and stating, "I am unable to give you a time that you can expect your request. The status is pending."

14. Undersigned counsel contacted Defendant once more by email on July 10, 2018, requesting an update on "prospective fulfillment" of the request, since "[i]t has now been 7 months since the request was submitted."

15. By email on July 10, 2018, Defendant's Government Information Specialist responded that "the status is the same… [and] will not change in the next month or two, or six." Defendant provided a web link to the publicly available USMS policy on shackling inmates, then informed Plaintiff that it was "closing this request," so Plaintiff would need to "send a new and revised request" to recover its requested information about USMS internal documents on the shackling procedures.

16. Undersigned counsel responded immediately by email, asking to "keep the previous request open" since "the remainder of [the] request" pertaining to internal records and documents about the policy had gone unanswered.

17. In an email dated July 10, 2018, the Government Information Specialist for Defendant replied "yes," indicating that Defendant would keep Plaintiff's FOIA request open indefinitely, but without a date for prospective fulfillment.

18. As of the date of this Complaint, USMS has not provided any of the requested records except for the web link described in Paragraph 15.

## Cause of Action:
## Violation of the Freedom of Information Act by Wrongfully Withholding Agency Records

19.  Plaintiff is entitled to receive the requested records under 5 U.S.C. § 552.

20.  Defendant has wrongfully withheld the requested records from Plaintiff.

21.  Plaintiff has exhausted the available administrative remedies with respect to Defendant's processing of Plaintiff's FOIA request.

**Requested Relief**

WHEREFORE, Plaintiff prays that this Court:

 A. Order Defendant Department of Justice and its component United States Marshals Service to disclose all non-exempt records responsive to Plaintiff's FOIA request immediately, with all processing fees waived;

 B. Award Plaintiff its costs and reasonable attorneys' fees incurred in this action;

 C. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Shana Knizhnik (D.C. Bar No. 1020840)
*/s/ Scott Michelman* (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation
 of the District of Columbia
915 15th Street, N.W., Second Floor
Washington, D.C. 20005
Tel. 202-457-0800
sknizhnik@acludc.org
smichelman@acludc.org
aspitzer@acludc.org

*Counsel for Plaintiff*[*]

August 16, 2018

---

[*] Counsel acknowledge the assistance of Harvard Law School student Emmy Williams in the drafting of this complaint.